[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married in 1961 in East Hartford, Connecticut. On May 17, 1985 this court granted a dissolution. (Hennessey, J.). Subsequently both parties moved from Connecticut. The defendant became a resident of Pennsylvania and the plaintiff became a resident of Michigan. The record shows that the plaintiff is gainfully employed by United Technologies Corporation of East Hartford. The defendant has filed a motion for contempt asking this court to find the defendant in contempt for failure to pay his alimony as ordered by the dissolution court. The defendant came back to Connecticut to initiate the contempt motion and had the plaintiff personally served in East Hartford while here to visit his mother.
JURISDICTION OVER A POST JUDGMENT MOTION
The plaintiff has filed a motion to dismiss claiming that this court lacks jurisdiction to hear the motion of contempt. In his brief he relies heavily upon Conn. Gen. Stat.46b-46(b) and the case of O'Riordan v. O'Riordan,3 C.S.C.R. 896, (1988). (Fuller, J.) In O'Riordan, supra, the court precluded a non-resident from bringing a post-judgment contempt motion against another non-resident. In reading the statute it is clear that the court may have jurisdiction over a non-resident only if certain criteria are met. The emphasis of the statute is upon the initiating of an action but remains silent as to its application to an action that was already granted in Connecticut.
Reviewing the statutes this court finds that only note five of Conn. Gen. Stat. 46b-42 addresses the issue. Under note five it states that unless another statute expressly CT Page 6436 provides otherwise, if the residency requirements for subject matter jurisdiction were satisfied at the commencement of the divorce action, then the court retains jurisdiction throughout the suit even after a party changes residency. Spalding v. Spalding, 171 Conn. 220, 226 (1976).
In order to satisfy the due process requirements of continuing jurisdiction, this court finds that the party bringing the motion must have in personam jurisdiction over the party subject to the action. As required in International Shoe Co. v. Washington, 326 U.S. 316 (1945) the party (here the plaintiff) must maintain minimum contacts with the forum state. The purpose of the minimum contacts standard is to protect the party by insuring that he would only be subject to the state court if he could have reasonably forseen it.
Here the plaintiff has maintained minimal contacts with the State of Connecticut. His mother continues to reside in Connecticut. The company he is employed by maintains it principal place of business in Connecticut. Most importantly the record shows that the plaintiff in September of 1992 tried to avail himself of the Connecticut courts by filing a motion for modification in the very same forum. Because the plaintiff was personally served in Connecticut and because he also maintains minimal contacts in the State, this case is readily distinguished from the O'Riordan, supra case. Here the court squarely finds that the post-judgment motion for contempt is not a separate action but a component of the original dissolution action and subject to continuing jurisdiction. A court must have the authority to enforce its own judgments; it must protect the integrity of its decisions by subsequent orders of enforcement. Turgeon v. Turgeon, 190 Conn. 269, 284
(1983). The motion to dismiss is denied.
Norko, J. CT Page 6437